**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Warren Clay Green, | ) | No. CV 11-8196-PCT-RCB (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| State of Arizona, et al., | ) | |
| Defendants. | ) | |

Plaintiff Warren Clay Green, who is confined in the Mohave County Jail, filed a *pro se* civil rights Complaint and an Application to Proceed *In Forma Pauperis*.  On January 13, 2012, the Court denied the Application to Proceed with leave to refile.  On February 21, 2012, Plaintiff filed a second, deficient Application to Proceed, which the Court also denied with leave to refile.  On April 20, 2012, Plaintiff filed a third, completed Application to Proceed *In Forma Pauperis*.  The Court will dismiss the action.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

1    28 U.S.C. § 1915A(b)(1), (2).

2        A pleading must contain a "short and plain statement of the claim *showing* that the

3    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

4    demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

5    unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

6    "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

7    statements, do not suffice."  Id.

8        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

9    claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

10   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

11   that allows the court to draw the reasonable inference that the defendant is liable for the

12   misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

13   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

14   experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

15   allegations may be consistent with a constitutional claim, a court must assess whether there

16   are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

17       But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

18   must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

19   Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

20   than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,

21   94 (2007) (*per curiam*)).

22       If the Court determines that a pleading could be cured by the allegation of other facts,

23   a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

24   action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

25   should not, however, advise the litigant how to cure the defects.  This type of advice "would

26   undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,

27   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

28   required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for

1  failure to state a claim, without leave to amend because the defects cannot be corrected.

2  **II.   Complaint**

3       Plaintiff names the following Defendants in the Complaint: the State of Arizona and

4  Bullhead Police Officers Jeff Viles, Brandon Grasse, and Brad Holdway.  Plaintiff raises

5  three claims for relief.

6       In Count I, Plaintiff claims his Fourth, Fifth, and Fourteenth Amendment rights were

7  violated when "Mr. Anthony Mullen failed to protect me under the 4th, 5th, 14th

8  Amendments." Plaintiff appears to claim that he was arrested subsequent to an illegal search

9  and that his attorney told him to take a plea offer and to not mention facts about Plaintiff's

10 California parole.

11      In Count II, Plaintiff claims his Fourth, Fifth, and Fourteenth Amendment rights were

12 violated by ineffective counsel.  Plaintiff claims "Robin Puchek failed to protect me under

13 the 4, 5, 14 amendment, case was never really discussed, was always trailing the 2007 case

14 till the end when they included this case in a plea bargain."

15      In Count III, Plaintiff claims that his Fourth, Fifth, and Fourteenth Amendment rights

16 were violated when the Sate maliciously entrapped and prosecuted him.

17      Plaintiff seeks review of his sentences because he believes they were excessive.

18 **III.   Failure to Allege a Jurisdictional Basis**

19      Federal courts have limited jurisdiction, and limitations on the court's jurisdiction

20 must neither be disregarded nor evaded.  Owen Equip. & Erection Co. v. Kroger, 437 U.S.

21 365, 374 (1978).  The Court is obligated to determine *sua sponte* whether it has subject

22 matter jurisdiction.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004).

23 See also Fed. R. Civ. P. 12(h)(3) (If the court determines at any time that it lacks subject-

24 matter jurisdiction, the court must dismiss the action.").

25      Rule 8(a) of the Federal Rules of Civil Procedure requires that "[a] pleading that states

26 a claim for relief must contain: (1) a short and plain statement of the grounds for the court's

27 jurisdiction . . . ."  In order to proceed in federal court, Plaintiff must demonstrate some right

28 of action and legal entitlement to the damages he seeks.  Plaintiff has used the form for filing

a civil rights action.  If Plaintiff were challenging his conditions of confinement while a prisoner, the most likely source of a right to sue is 42 U.S.C. § 1983.  The Court has jurisdiction over such cases pursuant to 28 U.S.C. § 1343(a)(3).

Plaintiff has not alleged that this case arises pursuant to 42 U.S.C. § 1983 or that the Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3).  He has alleged only that the Court has jurisdiction pursuant to "Mohave County, Prescott."  This is a  statement regarding Plaintiff's place of conviction, not a jurisdictional basis.  See Watson v. Chessman, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged.").  The Court will therefore dismiss Plaintiff's Complaint without prejudice.

The Court will not, however, grant Plaintiff leave to amend.  Plaintiff appears to challenge the validity of his conviction and sentence.  If Plaintiff seeks the invalidation of his sentence, or any relief which would result in immediate or speedier release, his exclusive remedy is a petition for habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).  Accordingly, Plaintiff may file his claims in a new habeas action, on the court-approved form for filing a habeas petition.  If Plaintiff files a new habeas action, he must pay the $5.00 filing fee or file a certified Application to Proceed *In Forma Pauperis* (Habeas) in the new case.

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 7) is **denied as moot**.

(2)     The Complaint (Doc. 1) is **dismissed without prejudice** for lack of jurisdiction, and the Clerk of Court must enter judgment accordingly.

(3)     The Clerk of Court must mail Plaintiff court-approved forms for filing a "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody" . . .

1  and an Application to Proceed *In Forma Pauperis* (Habeas).

2       DATED this 31st day of May, 2012.

3

4

5                             Robert C. Broomfield

6                             Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
                                     )
                     Petitioner,     ) CASE NO. _____
                                     )
             vs.                     )
                                     )          APPLICATION TO PROCEED
_____, )            *IN FORMA PAUPERIS*
                    Respondent(s).   )             BY A PRISONER
_____  )                (HABEAS)


        I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

        In support of this application, I answer the following questions under penalty of perjury:

1.   Are you currently employed at the institution where you are confined?     **G**Yes        **G**No
     If "Yes," state the amount of your pay and where you work. _____
     _____
     _____


2.   Do you receive any other payments from the institution where you are confined?   **G**Yes     **G**No
     If "Yes," state the source and amount of the payments. _____
     _____
     _____

98-ifphab
Revised 6/98                              1

3.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                                                                      **G**Yes          **G**No
    If "Yes," state the sources and amounts of the income, savings, or assets. _____
    _____
    _____

I declare under penalty of perjury that the above information is true and correct.

_____                    _____
         DATE                                              SIGNATURE OF APPLICANT

CERTIFICATE OF CORRECTIONAL OFFICIAL
AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
        (Printed name of official)

The applicant's trust account balance at this institution is:  $_____.

_____
DATE                   AUTHORIZED SIGNATURE              TITLE/ID NUMBER                INSTITUTION

**Instructions for Filing a Petition Under 28 U.S.C. § 2254
for a Writ of Habeas Corpus by a Person in State Custody
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence on the grounds that your conviction or sentence violates the United States Constitution or other federal law.  You also may use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3. <u>Your Signature</u>. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.    The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed *in forma pauperis* by completing and signing the Application to Proceed *In Forma Pauperis* provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should **file your petition in the division where you were convicted**.  <u>See</u> LRCiv 5.1(b).  If you are challenging a judgment of conviction entered in Maricopa, Pinal, Yuma, La Paz, or Gila County, file your petition in the Phoenix Division. If you are challenging a judgment of conviction entered in Apache, Navajo, Coconino, Mohave, or Yavapai County, file your petition in the Prescott Division.  If you are challenging a judgment of conviction entered in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file your petition in the Tucson Division.  <u>See</u> LRCiv 5.1(b) and 77.1(a).

**Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed *in forma pauperis* to:**

| | | |
|---|---|---|
| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed *in forma pauperis*). Each original document (except the initial petition and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
        Attorney for Respondent(s)
_____
(Signature)

9.  Amended Petition.  If you need to change any of the information in the initial petition, you must file an amended petition.  The amended petition must be written on the court-approved form.  You may file one amended petition without leave (permission) of Court before any respondent has answered your original petition.  See Fed. R. Civ. P. 15(a).  After any respondent has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended petition. LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed.**

10.  Exhibits.  If available, you should attach a copy of all state and federal court written decisions regarding the conviction you are challenging.  Do **not** submit any other exhibits with the petition.  Instead, you should paraphrase the relevant information in the petition.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Warnings</u>.

      a.  <u>Judgment Entered by a Single Court.</u>  You may challenge the judgment entered by only one court.  Multiple counts which resulted in a judgment by the same court may be challenged in the same petition.  If you wish to challenge judgments entered by more than one court, however, you must file separate petitions for each judgment.

      b.  <u>Grounds for Relief.</u>  You must raise all grounds for relief that relate to this conviction or sentence.  Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.

      c.  <u>Exhaustion</u>.  In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court.  If you did not fairly present each of your grounds to the Arizona Court of Appeals, your petition may be dismissed.  If you did not present one or more of your grounds to the Arizona Court of Appeals, explain why you did not.

<b>FINAL NOTE</b>

      You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

3

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,    )
(Full Name of Petitioner)                      )
                Petitioner,    )
                                  )
            vs.    )    **CASE NO.** _____
                                  )           (To be supplied by the Clerk)
_____ ,    )
(Name of the Director of the Department of      )
Corrections, Jailor or authorized person having )
custody of Petitioner)                          )
                                  )    **PETITION UNDER 28 U.S.C. § 2254**
                                  )    **FOR A WRIT OF HABEAS CORPUS**
               Respondent,    )    **BY A PERSON IN STATE CUSTODY**
                 and    )    **(NON-DEATH PENALTY)**
The Attorney General of the State of _____ ,    )
                                  )
            Additional Respondent.    )
_____)

## PETITION

1. (a)  Name and location of court that entered the judgment of conviction you are challenging: _____
_____
_____

   (b)  Criminal docket or case number: _____

2. Date of judgment of conviction: _____

3. In this case, were you convicted on more than one count or crime?     Yes ☐     No ☐

**530**

4.  Identify all counts and crimes for which you were convicted and sentenced in this case: _____

_____

_____

_____

5.  Length of sentence for each count or crime for which you were convicted in this case: _____

_____

_____

_____

6.  (a) What was your plea?
    Not guilty                  ☐
    Guilty                      ☐
    Nolo contendere (no contest)     ☐

    (b)  If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

_____

_____

_____

    (c)  If you went to trial, what kind of trial did you have?  (Check one)    Jury ☐       Judge only ☐

7.  Did you testify at the trial?    Yes ☐       No ☐

8.  Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
Yes ☐    No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

9.  Did you appeal to the Arizona Supreme Court?        Yes ☐        No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

    _____

    _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10.  Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐     No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

    _____

    _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11.  Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?        Yes ☐        No ☐

    If yes, answer the following:

(a)  First Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

_____
_____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)  Second Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

_____
_____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c)  Third Petition.

(1)  Date you filed: _____

(2)  Name of court: _____

(3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

(4)  Docket or case number: _____

(5)  Result: _____

(6)  Date of result: _____

(7)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)  Did you appeal the action taken on your petition, application, or motion to the:

|  | Arizona Court of Appeals: | Arizona Supreme Court: |
|---|---|---|
| (1)  First petition: | Yes ☐      No ☐ | Yes ☐      No ☐ |
| (2)  Second petition: | Yes ☐      No ☐ | Yes ☐      No ☐ |
| (3)  Third petition | Yes ☐      No ☐ | Yes ☐      No ☐ |

(e)  If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____

_____

_____

_____

_____

_____

12.  For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b) Did you present the issue raised in Ground One to the Arizona Court of Appeals?  Yes ☐      No ☐

    (c) If yes, did you present the issue in a:
          Direct appeal      ☐
          First petition      ☐
          Second petition    ☐
          Third petition      ☐

    (d)  If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

_____

    (e) Did you present the issue raised in Ground One to the Arizona Supreme Court?  Yes ☐      No ☐

**GROUND TWO**: _____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?  Yes ☐      No ☐

(c) If yes, did you present the issue in a:
        Direct appeal       ☐
        First petition       ☐
        Second petition    ☐
        Third petition      ☐

(d)  If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: ____

_____

_____

_____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court?  Yes ☐      No ☐

7

**GROUND THREE**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals?  Yes ☐     No ☐

    (c) If yes, did you present the issue in a:
          Direct appeal      ☐
          First petition      ☐
          Second petition    ☐
          Third petition      ☐

    (d)  If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: ___

_____

_____

_____

    (e) Did you present the issue raised in Ground Three to the Arizona Supreme Court?  Yes ☐     No ☐

**GROUND FOUR**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?  Yes ☐      No ☐

(c) If yes, did you present the issue in a:
        Direct appeal     ☐
        First petition      ☐
        Second petition   ☐
        Third petition     ☐

(d)  If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: ____

_____

_____

_____

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?  Yes ☐      No ☐

**Please answer these additional questions about this petition:**

13.  Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☐          No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available:  _____

_____

_____

_____

_____

_____

14.  Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?   Yes ☐          No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:  _____

_____

_____

_____

_____

_____

15.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?        Yes ☐          No ☐

    If yes, answer the following:

    (a) Name and location of the court that imposed the sentence to be served in the future:

_____

_____

_____

    (b)  Date that the other sentence was imposed:  _____

    (c)  Length of the other sentence:  _____

    (d)  Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?        Yes ☐          No ☐

10

16.  TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Section 2244(d) provides in part that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17.  Petitioner asks that the Court grant the following relief: _____

_____

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


    I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).


_____

**Signature of Petitioner**


_____          _____

Signature of attorney, if any                                    Date